FILED
CLERK, U.S. DISTRICT COURT

JUL 2 1 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ANGEL PEDRO GUTIERREZ-RAMOS, )

               Petitioner, )

v. )

IRENE MARTIN, )

             Respondent. )

Case NO. SACV 08-0040-GPS (JTL)

ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

      Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge.  The Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge.

      IT IS ORDERED that judgment be entered dismissing the Petition for Writ of Habeas Corpus for lack of jurisdiction.

DATED: 7/21/08

GEORGE P. SCHIAVELLI
UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

```
                                              FILED
                                    CLERK, U.S. DISTRICT COURT

                                        MAY  1 9 2008

                                    CENTRAL DISTRICT OF CALIFORNIA
                                    BY                    DEPUTY
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| ANGEL PEDRO GUTIERREZ-RAMOS, ) | Case No. SACV 08-00040-GPS (JTL) |
| Petitioner, ) | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| v. ) | |
| IRENE MARTIN, ) | |
| Respondent. ) | |

17   The Court submits this Report and Recommendation to the Honorable George P.

18   Schiavelli, United States District Judge, pursuant to 28 U.S.C. Section 636 and General Order

19   05-17 of the United States District Court for the Central District of California.

20

21                                   **PROCEEDINGS**

22   On January 15, 2008, Angel Pedro Gutierrez-Ramos ("Petitioner")[1] filed a Petition

23   pursuant to 28 U.S.C. Section 2241 ("Petition") challenging the validity of a final administrative

24   order of removal from the United States and alleging that his arrest, detention and threatened

25   imminent removal violates his constitutional rights.  On March 7, 2008, the Court issued an

26   _____

27        [1]   The Petition was actually filed by Petitioner's next friend, John L. Minnella. (See Petition
     at 5); Local Rule 83-16.3 (authorizing a next friend petition for a writ of habeas corpus in exclusion,
28   deportation, and removal cases).

1    order instructing Petitioner and Irene Martin, Field Office Director of the United States

2    Citizenship and Immigration Services ("Respondent"), to brief the issue of whether the Court

3    maintained jurisdiction over the Petition pursuant to the REAL ID Act of 2005, Pub. L. No.

4    109-13, Div. B, § 106, 119 Stat. 302 (2005).  On March 28, 2008, Respondent filed a Brief

5    Regarding the Court's Lack of Subject Matter Jurisdiction Under the REAL ID Act ("Brief").  The

6    Brief included a declaration by Alarice M. Medrano, an Assistant United States Attorney, stating

7    that Petitioner "had been removed to Mexico on January 14, 2008," and written verification of

8    Petitioner's January 14, 2008 departure from the United States.  Petitioner did not file a

9    Response to the Brief.

10        This matter is now ready for decision.

11

12                                **DISCUSSION**

13        On May 11, 2005, the "Emergency Supplemental Appropriations Act for Defense, the

14   Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, 119 Stat. 231, became

15   law.  Division B of the Act is referred to as the "REAL ID Act of 2005."  Section 106 of the REAL

16   ID Act amends portions of Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C.

17   Section 1252, and changes the scope of judicial review of removal orders.  REAL ID Act,

18   Section 106(a); 8 U.S.C. §§ 1252(a)(5) and (b)(9).  The amendments to 8 U.S.C. Section 1252

19   apply to all cases in which a final administrative order of removal, deportation, or exclusion has

20   been entered "before, on, or after" the date of the enactment of the REAL ID Act, May 11,

21   2005.  REAL ID Act, Section 106(b).

22        Section 106(a)(2) of the REAL ID Act amends 8 U.S.C. Section 1252(b)(9) to eliminate

23   federal habeas corpus jurisdiction over final orders of removal.  Nadarajah v. Gonzales, 443

24   F.3d 1069, 1075 (9th Cir. 2006).  8 U.S.C. Section 1252(b)(9) provides that:

25                Judicial review of all questions of law and fact, including

26                interpretation and application of constitutional and statutory

27                provisions, arising from any action taken or proceeding brought

28                to remove an alien from the United States under this

                                     2

1  subchapter shall be available only in judicial review of a final
2  order under this section.  Except as otherwise provided in this
3  section, no court shall have jurisdiction, **by habeas corpus**
4  **under section 2241 of title 28, United States Code, or any**
5  **other habeas corpus provision,** by section 1361 or 1651 of
6  such title, or by any other provision of law (statutory or
7  nonstatutory), to review such an order or such questions of law
8  or fact.

9  8 U.S.C. § 1252(b)(9) (emphasis added).  A petition challenging a removal order must be
10 directed to the court of appeals.  See Singh v. Gonzales, 499 F.3d 969, 978 (9th Cir. 2007).
11 A habeas corpus petition challenging a final administrative order of removal, deportation, or
12 exclusion pending on the date of enactment, i.e. , May 11, 2005, shall be transferred by the
13 district court to the appropriate court of appeals.  REAL ID Act, Section 106(c); 8 U.S.C. §
14 1252(b)(2).

15    A petition for review with the courts of appeals is the "sole and exclusive means for
16 judicial review of an order of removal . . ." 8 U.S.C. § 1252(a)(5).  Accordingly, this Court lacks
17 jurisdiction over the Petition.  See Iasu v. Smith, 511 F.3d 881, 887 (9th Cir. 2007).  Thus, the
18 Petition is dismissed for lack of jurisdiction.[2]

19    To the extent Petitioner challenges the events and conditions of his confinement prior
20 to "imminent removal," habeas relief is not warranted because Petitioner was not in "custody"
21 when the Petition was filed.  See 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not
22 extend to a prisoner unless . . . he is in custody . . . ."); Maleng v. Cook, 490 U.S. 488, 490-92
23 (1989); Miranda v. Reno, 238 F.3d 1156, 1158 (9th Cir. 2001) (holding that a petitioner cannot

24

25

26    [2]  Because the Petition was filed on January 15, 2008 and, thus, was not pending on or
   before May 11, 2005, the Petition must be dismissed.  See Iasu, 511 F.3d at 888-99 (Section 2241
27 habeas petition filed in district court after the enactment of the REAL ID Act must be dismissed; it
   can be neither entertained nor transferred); see also Puri v. Gonzales, 464 F.3d 1038, 1042-43 (9th
28 Cir. 2006).

3

1  utilize habeas corpus jurisdiction if the petitioner was removed prior to filing his or her Section

2  2241 habeas petition).[3]

3       Here, Petitioner was removed to Mexico on January 14, 2008. Petitioner filed the instant

4  Petition on January 15, 2008, one day after his removal from the United States.  Because

5  Petitioner did not satisfy the "in custody" requirement when he filed the Petition, the Court does

6  not have jurisdiction to hear Petitioner's challenge to the events and conditions of his

7  confinement. See Miranda, 238 F.3d at 1158.

8

9  **RECOMMENDATION**

10       THE COURT, THEREFORE, RECOMMENDS that the District Court issue an Order: (1)

11  approving and adopting this Report and Recommendation; and (2) directing that Judgment be

12  entered dismissing this action for lack of jurisdiction.

13  DATED: May 19,  2008

14

15                 /s/
               JENNIFER T. LUM

16                 UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27     [3]  Notwithstanding this, the court would not be foreclosed from hearing this claim because
Petitioner does not challenge his order of removal, but instead the constitutional validity of

28  Petitioner's "arrest, detention, and threatened imminent removal." (Petition at 3).  See Singh v.
Gonzales, 499 F.3d 969, 978 (9th Cir. 2007).